UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARMEN AVILA,<br><br>                        Plaintiff,<br><br>-against-<br><br>AARON RUBEN VILLALOBOS and PREMIER 1 TRUCKING, LLC,<br><br>                        Defendants. | Case No. 1:25-cv-05291 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On June 25, 2025, this action was removed from the Supreme Court of New York, Bronx County, by Defendants Aaron Ruben Villalobos ("Villalobos") and Premier 1 Trucking LLC (the "LLC Defendant"). *See* Dkt. 1 ("Notice of Removal") ¶ 1. Defendants assert that jurisdiction in this Court is proper by reason of diversity of citizenship, pursuant to 28 U.S.C. § 1332. *See id.* ¶¶ 6-10. The Notice of Removal states that Plaintiff Carmen Avila ("Plaintiff") is a citizen of New York, and that Defendant Villalobos is a citizen of Texas. *Id.* ¶¶ 6, 9. While the Notice of Removal states that Defendant Premier 1 Trucking LLC is a Texas corporation with its principal place of business in Texas, *id.* ¶ 7, the name of this defendant suggests that it is an LLC — a limited liability company — not a corporation. *See Mitchell v. City Express Limousine, LLC*, No. 17-cv-04490 (SHS), 2017 WL 2876313, at *2-3 (S.D.N.Y. July 6, 2017) (noting that, despite the notice of removal's claim that defendant City Express Limousine, LLC was a corporation, the name indicated it was in fact an LLC, and directing the defendant to declare whether it was a corporation or a limited liability company).

It is well established that an LLC is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). Thus, a notice of removal premised upon diversity of citizenship must allege the

citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC. *See id.*; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010); *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621 (BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (remanding removed action for lack of diversity jurisdiction). In the present case, the Notice of Removal fails to do so.

Accordingly, it is hereby ORDERED that, on or before **July 2, 2025**, Defendants shall submit a sworn declaration clarifying whether the Defendant LLC is an LLC (as the name "Premier 1 Trucking, LLC" would suggest) or a corporation, as the Notice of Removal claims. If the Defendant LLC is an LLC, Defendants shall amend their Notice of Removal on or before **July 2, 2025** to allege the citizenship of each constituent person or entity comprising the Defendant LLC (including the state of incorporation and principal place of business of any corporate entity member). If, by that date, Defendants are unable to amend their Notice of Removal to truthfully allege complete diversity of citizenship, then the action will be remanded to the Supreme Court of New York, Bronx County, without further notice to either party.

Finally, Defendants are directed to, **within two business days of this Order**, serve on Plaintiff a copy of this Order and to file proof of such service on the docket. Counsel for Plaintiff is directed to file a notice of appearance on the docket **within two business days of such service**.

SO ORDERED.

Dated: June 26, 2025
New York, New York

_____
JENNIFER L. ROCHON
United States District Judge